Jeremy J. Nork (SBN 4017)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone (775) 327-3000
Facsimile (775) 786-6179
jnork@hollandhart.com

Attorneys for Plaintiff Eagle SPE NV 1, Inc.

**UNITED STATE DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| EAGLE SPE NV 1, INC., a North Carolina corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>SOUTHERN HIGHLANDS DEVELOPMENT CORPORATION, a Nevada corporation; OLYMPIA GROUP, L.L.C., a Nevada limited liability company; OLYMPIA LAND CORPORATION, a Nevada corporation; GARRY GOETT, an individual; GUY INZALACO, an individual; GOETT FAMILY TRUST dated September 4, 1987, as amended and restated; INZALACO FAMILY TRUST dated November 7, 1997, as amended; and DOES 1 through 10, inclusive.<br><br>        Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff, Eagle SPE NV 1, Inc., through its undersigned attorneys, for its claims for relief against defendants, Southern Highlands Development Corporation, a Nevada corporation; Olympia Group, L.L.C., a Nevada limited liability company; Olympia Land Corporation, a Nevada corporation; Garry Goett, an individual; Guy Inzalaco, an individual; Goett Family Trust dated September 4, 1987, as amended and restated; Inzalaco Family Trust dated November 7, 1997, as amended, hereby alleges as follows:

1

**THE PARTIES**

1. Plaintiff, Eagle SPE NV 1, Inc., is a corporation with its principal place of business in North Carolina, is a citizen of the State of North Carolina, and is a wholly-owned subsidiary of Branch Banking And Trust Company, a North Carolina banking corporation, which is successor in interest to Colonial Bank ("Colonial Bank") by acquisition of assets from the FDIC as Receiver for Colonial Bank.

2. Plaintiff is qualified as a foreign corporation to transact business in Nevada.

3. On information and belief, Southern Highlands Development Corporation ("Southern Highlands") is a corporation that was organized and exists under the laws of the State of Nevada, and is a citizen of the State of Nevada.

4. On information and belief, defendant Olympia Group, L.L.C. ("Olympia Group") is a limited liability company that was organized and exists under the laws of the State of Nevada, and is a citizen of the State of Nevada.

5. On information and belief, defendant Olympia Land Corporation ("Olympia Land") is a corporation that was organized and exists under the laws of the State of Nevada, and is a citizen of the State of Nevada.

6. On information and belief, defendant Garry Goett is an individual and is a citizen of the State of Nevada.

7. On information and belief, defendant Guy Inzalaco is an individual and is a citizen of the State of Nevada.

8. On information and belief, defendant Goett Family Trust dated September 4, 1987, as amended, and restated is a trust that was organized and exists under the laws of the State of Nevada and is a citizen of the State of Nevada.

9. On information and belief, defendant Inzalaco Family Trust dated November 7, 1997, as amended, is a trust that was organized and exists under the laws of the State of Nevada and is a citizen of the State of Nevada.

10. Southern Highlands, Olympia Group and Olympia Land are hereinafter at times refered to as the "Borrowers".

5440204_2.DOC

11. Garry Goett, Guy Inzalaco, Goett Family Trust, and Inzalaco Family Trust are hereinafter at times referred to as the "Guarantors".

12. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of the fictitious defendants sued herein. Plaintiff is informed and believes, and thereon alleges, that each such fictitious defendant was in some way responsible for, participated in or contributed to the matters and things of which Plaintiff complains herein, and in some fashion has legal responsibility therefore. When the true names of such fictitious defendants and, as appropriate, the responsibility for, participation in and contribution to the matters and things herein alleged are ascertained by Plaintiff, Plaintiff will seek leave to amend this Complaint to assert the same.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this case pursuant to Article III, § 2 of the United States Constitution and 28 U.S.C. § 1332 because the Parties are of diverse citizenship and the amount in controversy exceeds $75,000.00.

14. This Court has personal jurisdiction over Defendants because all Defendants reside either in the State of Nevada, are incorporated in the State of Nevada, or are situs in the State of Nevada.

15. Venue is proper in this Court under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

16. On July 30, 2007, Borrowers executed and delivered a Revolving Line of Credit Promissory Note Secured By Deed of Trust to Colonial Bank, N.A. ("Colonial Bank, N.A."), in the original principal amount of $25,000,000.00 (as amended from time to time, the "Note"). A true and correct copy of the Note is attached hereto as **Exhibit 1** and is incorporated herein by this reference.

17. The Note was secured by a Deed of Trust And Security Agreement And Fixture Filing With Assignment of Rents dated July 30, 2007, and recorded August 15, 2007, in Book 20070815, as Instrument No. 01931, Official Records, Clark County, Nevada (as modified from time to time, the "Deed of Trust") encumbering certain real property located in Clark

County, Nevada (the "Property").  A true and correct copy of the Deed of Trust is attached hereto as **Exhibit 2** and is incorporated herein by this reference.

18. On July 30, 2007, the Guarantors executed and delivered to Colonial Bank, N.A. that certain Guarantee (the "Guarantee") under the terms of which each of the Guarantors, jointly and severally, guaranteed the payment of all present and future indebtedness of the Borrower under the loan evidenced by the Note (the "Loan").  A true and correct copy of the Guarantee is attached hereto as **Exhibit 3** and is incorporated herein by this reference.

19. The Note was amended by an Amendment to Revolving Line of Credit Promissory Note Secured By Deed of Trust dated as of December 19, 2007 (the "First Note Amendment") under the terms of which the interest rate under the Note was amended.  A true and correct copy of the First Note Amendment is attached hereto as **Exhibit 4**, and is incorporated herein by this reference.

20. Subsequent to December 19, 2007, Colonial Bank, an Alabama banking corporation ("Colonial Bank"), became the successor to Colonial Bank, N.A. through conversion from a national banking association to a state-chartered bank.

21. The Note was amended by an Amendment To Revolving Line of Credit Promissory Note Secured By Deed of Trust dated as of September 1, 2008 (the "Second Note Amendment") under the terms of which the maturity date of the Note was extended to November 12, 2008. A true and correct copy of the Second Note Amendment is attached hereto as **Exhibit 5** and is incorporated herein by this reference.

22. The Note was amended by an Amendment To Revolving Line of Credit Promissory Note Secured By Deed of Trust dated as of December 9, 2008 (the "Third Note Amendment") under the terms of which the maturity date of the Note was extended to November 12, 2009.  A true and correct copy of the Third Note Amendment is attached hereto as **Exhibit 6** and is incorporated herein by this reference.

23. On or about August 14, 2009, Colonial Bank was closed by the State Banking Department of the State of Alabama and the Federal Deposit Insurance Corporation, an agency of the United States government (the "FDIC"), was named receiver in order to liquidate and

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

5440204_2.DOC

distribute the assets of Colonial Bank.

24. On August 14, 2009, the FDIC assigned all of its right, title and interest in, to and under the loan documents evidencing, securing, guarantying and otherwise related to the Note to Branch Banking And Trust Company, a North Carolina banking corporation ("BB&T"). *See* (a) Assignment of Security Instruments, Notes and Other Loan Documents (effective on August 14, 2009) which was recorded on November 3, 2009, in Book 20091103, as Instrument No. 03188, Official Records, Clark County, Nevada, a true and correct copy of which is attached hereto as **Exhibit 7** and is incorporated herein by this reference.

25. Consequently, BB&T became the successor in interest and holder of the Note, the beneficiary under the Deed of Trust, and the owner of all of the other documents evidencing, securing, guaranteeing or otherwise or relating to the Note.

26. The Borrowers failed to pay the outstanding principal balance in the amount of $24,962,325.00, plus accrued interest, due under the Note on November 12, 2009.

27. Pursuant to the terms of the Note, upon default thereunder the interest rate under the Note automatically increased to a default rate equal to five percent (5.00%) in excess of the stated contract rate under the Note.

28. By demand letter dated August 11, 2010 (the "First Demand Letter"), BB&T made written demand upon the Borrowers and the Guarantors to pay the balance due under the Note within fifteen (15) days following the date of the Demand Letter. A true and correct copy of the First Demand Letter is attached hereto as **Exhibit 8** and is incorporated herein by this reference.

29. Borrowers and the Guarantors failed and refused to pay the balance due under the Note.

30. BB&T executed a Notice of Default And Election To Sell in connection with the Deed of Trust (the "Notice of Default") dated March 10, 2011, which was recorded on March 16, 2011, Official Records, Clark County, Nevada, in Book 20110316, as Instrument No. 02369. Copies of the Notice of Default were mailed to the Borrowers and the Guarantors in accordance with the requirements of applicable law. A true and correct copy of the Notice

5440204_2.DOC

of Default is attached hereto as **Exhibit 9** and is incorporated herein by this reference.

31. On October 21, 2011, pursuant to the requirements of applicable law, First American Title Insurance Company, as Trustee under the Deed of Trust, caused to be recorded a Notice of Trustee's Sale (the "Notice of Trustee's Sale") which gave notice of the time and location of a trustee's sale of the Property for November 15, 2011, at 10:00 a.m. First American Title Insurance Company caused copies of the Notice of Trustee's Sale to be published, posted and mailed in accordance with the requirements of applicable law. A true and correct copy of the Notice of Trustee's Sale which was recorded on October 21, 2011, in Book 20111021, as Instrument No. 02102, Official Records, Clark County, Nevada, is attached hereto as **Exhibit 10** and is incorporated herein by this reference.

32. On November 8, 2011, BB&T assigned all of its right, title and interest in, to and under the Note, Deed of Trust, Guarantee, and all other loan documents related thereto to its subsidiary and the Plaintiff herein, Eagle SPE NV 1, Inc., a North Carolina corporation. Plaintiff therefore acquired all rights under the loan documents relating to the Loan and this litigation. See Assignment of Deed of Trust And Other Loan Documents which was recorded on November 10, 2011, in Book 20111110, as Instrument No. 00095, Official Records, Clark County, Nevada, a true and correct copy which is attached hereto as **Exhibit "11"** and is incorporated herein by reference

33. On November 15, 2011, at 10:00 a.m. the Property was sold at non-judicial trustee's sale to AWH Ventures, Inc., a Nevada corporation, for a cash bid in the amount of $5,340,001.00 in partial satisfaction of the Note secured by the Deed of Trust. A true and correct copy of the Trustee's Deed Upon Sale (the "Trustee's Deed") conveying title to the Property to AWH Ventures, Inc., a Nevada corporation, dated November 17, 2011, and recorded on November 22, 2011, in Book 20111122, as Instrument No. 01616, Official Records, Clark County, Nevada, is attached hereto as **Exhibit 12** and is incorporated herein by this reference.

34. On November 15, 2011, the date of the trustee's sale of the Property, the amount of the indebtedness remaining unpaid under the Note, included the following amounts:

5440204_2.DOC

|   |   |
|---|---|
| Principal balance under the Note | $24,962,325.00 |
| Accrued interest under the Note | $49,414.05 |
| Attorney fees and costs | $24,887.81 |
| Property maintenance expenses | $205,549.50 |
| Foreclosure costs and fees | <u>$15,556.00</u> |
| (the "Total Indebtedness") | $25,257,732.36 |

35. On the date of the trustee's sale of the Property, the fair market value of the Property was approximately $6,630,000.00.

36. Following the trustee's sales of the Property, a deficiency remains under the Note in the approximate amount of $18,627,732.36.

37. By demand letter dated November 17, 2011 (the "Second Demand Letter"), Plaintiff made written demand upon the Borrowers and the Guarantors to pay the deficiency remaining due following the trustee's sale of the Property but the Borrowers and Guarantors have failed and refused to pay such deficiency or any part thereof.  A true and correct copy of the Second Demand Letter is attached hereto as **Exhibit 13** and is incorporated herein by reference.

38. As a result of the action of Defendants, Plaintiff has been required to retain the services of Holland & Hart LLP and is entitled to a reasonable award of attorney's fees therefor.

## **FIRST CLAIM FOR RELIEF**
(Deficiency)

39. Plaintiff realleges the allegations of paragraphs 1 through 38 as though set forth fully herein.

40. Plaintiff is entitled, under NRS 40.451 et seq., to the difference between the Total Indebtedness and the greater of (a) the fair market value of the Property as of the date of the trustee's sales, or (b) the amount for which the Property was sold at the trustee's sale, as a deficiency judgment against the Borrowers.

41. This deficiency, which is owed by the Borrowers, is in excess of $75,000.00.

/ / /

/ / /

5440204_2.DOC

## SECOND CLAIM FOR RELIEF
(Breach of Guarantee - Guarantors)

42. Plaintiff incorporates by this reference all allegations set forth in paragraphs 1 through 41 as if they were fully set forth herein.

43. The Borrower defaulted on its obligations under the Note by failing to pay all amounts due thereunder when it matured on November 12, 2009.

44. As a result of the Borrowers' default, the Guarantors are liable for payment of the difference between the Total Indebtedness and the greater of (a) the fair market value of the Property as of the date of the trustee's sales, or (b) the amount for which the Property was sold at the trustee's sales, in accordance with the terms of the Guarantee and applicable law.

45. The Guarantors have failed to pay Plaintiff although each of the Guarantors has been notified of his or her obligations resulting from the Borrower's default.

46. As a result of the Guarantors' failure to fulfill their obligations under the Guarantee, Plaintiff has been damaged in an amount in excess of $75,000.00.

## THIRD CLAIM FOR RELIEF
(Breach of the Covenant of Good Faith and Fair Dealing)

47. Plaintiff realleges paragraphs 1 through 46, as though stated fully herein.

48. The Note and the Guarantee each contained an implied covenant of good faith and fair dealing and the Borrowers and the Guarantors triggered this covenant upon the execution of the Note and the Guarantee.

49. Subsequent to the execution of the Note and the Guarantee, the Borrowers and the Guarantors have acted unfaithfully to the purpose of the Note and the Guarantee by failing to comply with the terms and obligations of the Note and the Guarantee.

50. As a result of the actions of the Borrowers and the Guarantors, Plaintiff's justified expectations of the Note and the Guarantee have been denied.

51. As a result of the Borrowers' and the Guarantors' actions, Plaintiff has been damaged in an amount in excess of $75,000.00.

///

5440204_2.DOC

HOLLAND & HART LLP
5441 KIETZKE LANE
SECOND FLOOR
RENO, NV 89511

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

1. For an award of damages in an amount in excess of $75,000.00;

2. For costs of suit and reasonable attorney's fees; and

3. For such other and further relief as the Court deems just, proper, and equitable.

DATED this 3rd day of April, 2012.

    /s/ Jeremy J. Nork
Jeremy J. Nork, Esq. (SBN 4017)
HOLLAND & HART LLP
5441 Kietzke Lane, Second Floor
Reno, Nevada 89511
Telephone (775) 327-3000
Facsimile (775) 786-6179

Attorneys for Plaintiff Eagle SPE NV 1, Inc.

5440204_2.DOC