UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EAGLE SPE NV 1, INC., | Case No. 2:12-cv-00550-MMD-PAL |
| Plaintiff, | ORDER STAYING PROCEEDINGS |
| v. | |
| SOUTHERN HIGHLANDS DEVELOPMENT CORP., *et al.,* | |
| Defendants. | |

**I.   SUMMARY**

Before the Court are the parties' Supplemental Briefs regarding why this matter should not be stayed.  (Dkt. nos. 33 and 34.)

**II.   BACKGROUND**

On July 30, 2007, Defendants Southern Highlands Development Corp., Olympia Group, L.L.C., and Olympia Land Corp. ("Borrowers") executed and delivered a Revolving Line of Credit Promissory Note Secured by Deed of Trust to Colonial Bank, N.A., in the original principal amount of $25,000,000.00 (the "Note").  The Note was secured by a Deed of Trust and Security Agreement and Fixture Filing with Assignment of Rents dated July 30, 2007, and recorded August 15, 2007 (the "Deed of Trust"), encumbering certain real property located in Clark County, Nevada (the "Property").  On multiple occasions the Note was amended to alter the terms of the agreement and/or to extend the maturity date of the Note, with the last amendment extending the maturity date until November 12, 2009.

On July 30, 2007, Defendants Garry Goett, Guy Inzalaco, Garry Goett as Trustee of the Goett Family Trust, and Guy Inzalco as the Trustee of the Inzalco Family Trust ("Guarantors") executed and delivered to Colonial Bank, N.A. a guarantee under the terms of which each of the Guarantors guaranteed the payment of all present and future indebtedness of the Borrowers under the Note.

Before December 19, 2007, Colonial Bank, an Alabama Banking Corporation, became the successor to Colonial Bank, N.A. through conversion from a national banking association to a state-chartered bank.  On or about August 14, 2009, Colonial Bank was closed by the State Banking Department of the State of Alabama. The Federal Deposit Insurance Corporation ("FDIC") was named receiver in order to liquidate and distribute Colonial Bank's assets.

On August 14, 2009, the FDIC assigned all rights, title, and interest in, to, and under the loan documents evidencing, securing, guaranteeing, and otherwise relating to the Note to Branch Bank and Trust Company ("BB&T"), a North Carolina banking corporation. BB&T became the successor in interest and holder of the Note, the beneficiary under the Deed of Trust, and the owner of all of the other documents evidencing, securing, or guaranteeing the Note.

Borrowers failed to pay the outstanding principal balance in the amount of $24,962,325.00, plus accrued interest, due under the Note on November 12, 2009.  As a result, BB&T executed a Notice of Default and Election to Sell in connection with the Deed of Trust ("Notice of Default") dated March 10, 2011.  This was recorded on March 16, 2011, with the Clark County Recorder.  Copies were mailed to the Borrowers and Guarantors.

On November 8, 2011, BB&T assigned all of its rights, title, and interest in, to, and under the Note, Deed of Trust, Guarantee, and all other loan documents related thereto to its subsidiary, Eagle SPE NV 1 ("Eagle"), a North Carolina Corporation.  Eagle acquired all rights under the loan documents relating to the Loan.

///

On November 15, 2011, the Property was sold at a non-judicial trustee's sale for $5,340,001.00, in partial satisfaction of the Note secured by the Deed of Trust. However, on the date of the sale, the total indebtedness under the Note was $25,257,732.36.

By demand letter on November 17, 2011, Eagle made a written demand upon the Borrowers and Guarantors to pay the alleged deficiency amount remaining following the trustee's sale. The Borrowers and Guarantors have not paid this deficiency.

Plaintiff filed suit in this Court on April 3, 2012. Defendants filed a Motion to Dismiss. (Dkt. no. 15.) In their briefings, Defendants informed the Court that many of the issues presented in their Motion are currently pending in cases before the Nevada Supreme Court. The Court accordingly asked the parties to submit supplemental briefing regarding why this case should not be stayed pending the Nevada Supreme Court's decision on these matters.

**III.    LEGAL STANDARD**

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* at 254-55.

**IV.    ANALYSIS**

The parties do not dispute that Defendants have not repaid their debt to Plaintiff. Rather, Defendants argue that due to the confines of NRS 40.459(c), the deficiency judgment will likely be reduced to zero. The parties spend a considerable amount of time in their briefings arguing whether NRS 40.459(c) applies to the facts of this case. Defendants assert that NRS § 40.459(c) holds that when a successor-creditor receives a right to a deficiency judgment by way of assignment, as occurred here, the amount of its deficiency judgment cannot exceed the amount it paid for its right less the amount for which the Property was sold at the sale. However, Defendants argue that Eagle does

not assert how much it paid for the rights to the Note, and Plaintiff accordingly has no claim for relief. Eagle argues that (1) this is a misinterpretation of NRS § 40.459(c); (2) that the Nevada State Legislature did not intend NRS § 40.459(c) to be applied retroactively (and application here would constitute retroactive application of the statute); and (3) § 40.459(c) does not apply to deficiency judgments when the successor-creditor is the FDIC or a successor-creditor which acquired the right to obtain the deficiency from the FDIC. (*See* dkt. no. 17.)

Defendants inform the Court that pending cases on appeal with the Nevada Supreme Court present issues identical to the ones presented here. *See Sandpointe Apartments, LLC v. Eighth Judicial District Court of Nev., et al.*, case no. 59507; *Nielson v. Eighth Judicial District Court of Nev., et al.*, case no. 59823, *Branch Banking and Trust Company v. Nielson*, case no. 60256. The issues presented in these appeals related to the questions in this case are:

I. Did the Nevada State Legislature intend NRS § 40.459(1)(c) to apply to a deficiency judgment when the successor-creditor acquired the right to obtain the deficiency judgment before the statute's effective date?

II. Did the Legislature intend NRS § 40.459(1)(c) to apply to a deficiency judgment when the successor-creditor acquired the right to obtain the deficiency judgment before the foreclosure sale?

III. Did the Legislature intend NRS § 40.459(1)(c) to apply to a deficiency judgment when the successor-creditor is the FDIC or a successor-creditor which acquired the right to obtain the deficiency from the FDIC?

Further, this Court stayed *Branch Banking and Trust Co. v. Yoel Iny, et al.*, 2:11-cv-1777-MMD-VCF (D. Nev., filed November 4, 2011) (dkt. no. 43) and *Branch Banking and Trust Co. v. Pebble Creek Plaza Pad*, 2:12-cv-01736-MMD-CWH (D. Nev., filed October 3, 2012) (dkt. no. 15), because those cases raised the above issues currently in front of the Nevada Supreme Court.

///

In its Supplemental Brief (dkt. no. 33), Defendant agrees that this case should be stayed pending the outcome of similar cases on appeal with the Nevada Supreme Court.[1]  Plaintiff likewise does not dispute that many of the issues raised in this case are before the Nevada Supreme Court.  However, Plaintiff asserts (1) that the appeals will likely be decided in Eagle's favor; and (2) the decision by the Nevada Supreme Court will not be dispositive here.

The Court agrees with Defendants and stays this action.  The Magistrate Judge's reasoning in *Yoel*, 2:11-cv-1777-MMD-VCF, at 3 (dkt. no. 43) explaining why a stay was appropriate there, is likewise applicable here:

> [t]he issues before this court and raised in the appeals are similar, and the decisions of the Nevada Supreme Court on this issues will set the precedent [that] this court, sitting in diversity jurisdiction, is bound to follow. See *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Forcing the parties to go forward with this litigation and proceed with motion practice and discovery, which may ultimately be futile in light of the Nevada Supreme Court's decisions, would result in unnecessary expenses and a waste of the parties and the court's time and resources. See *Lockyer*, [*v. State of California*, 398 F.3d 1098,] 1110 [(9th Cir. 2005)]; See also *Pate v. DePuy Orthopaedics, Inc.*, 2012 WL 3532780 at *2 (D. Nev. Aug. 14, 2012) (stating that "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.") (quoting *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

(brackets added).

Moreover, even if the Nevada Supreme Court's decision will not resolve all dispositive claims in this case, resolution of these issues will certainly guide the Court in determining many of the issues raised in Defendants' Motion to Dismiss and Plaintiff's Response.

## V.    CONCLUSION

IT IS HEREBY ORDERED that this case is stayed pending the Nevada Supreme Court's decision on the issues herein described.  The parties are HEREBY ORDERED to

---

[1] Both parties inform the Court that the Nevada Supreme Court has not yet issued a decision in any of the relevant cases.

file a status report in sixty (60) days from the date of this Order. The parties are FURTHER ORDERED to file subsequent status reports every sixty (60) days.

IT IS FURTHER ORDERED that all pending Motions (dkt. nos. 15, 20, 23) are HEREBY DISMISSED WITHOUT PREJUDICE, in accordance with this Court's Standing Order (dkt. no. 31.)

THE CLERK OF THE COURT IS HEREBY ORDERED to stay all proceedings in this case, and IS FURTHER ORDERED to administratively close the case.

DATED THIS 15th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE