UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EAGLE SPE NV 1, INC., <br><br> Plaintiff, <br> v. <br> SOUTHERN HIGHLANDS DEVELOPMENT CORP., *et al.,* <br><br> Defendants. | Case No. 2:12-cv-00550-MMD-PAL <br><br> ORDER <br><br> (Defs.' Motion to Dismiss Second Amended Complaint – dkt. no. 70.) |

## I.  SUMMARY

In August 2014, the Court dismissed, without prejudice, Plaintiff Eagle SPE NV 1, Inc.'s First Amended Complaint ("FAC"), which sought a deficiency judgment against Defendants.[1] (Dkt. no. 66.) Pursuant to the Court's order dismissing the case ("Dismissal Order"), Plaintiff filed a Second Amended Complaint ("SAC") two weeks later. (Dkt. no. 67.) Defendants filed a Motion to Dismiss the SAC ("Motion"), which the Court now addresses. (Dkt. no. 70.) The Court has also reviewed Plaintiff's response (dkt. no. 81) and Defendants' reply (dkt. no. 87), as well as Plaintiff's notice of supplemental authority (dkt. nos. 88, 89) and Defendants' response to the supplemental authority (dkt. no. 92). For the reasons discussed below, the Motion is granted in part and denied in part.

---

[1] Defendants are Southern Highlands Development Corporation; Olympia Group, L.L.C.; Olympia Land Corporation; Garry Goett, individually and as Trustee of the Goett Family Trust; Guy Inzalaco, individually and as Trustee of the Inzalaco Family Trust; and Does 1 through 10.

## II.   BACKGROUND

### A.   Factual Background

The SAC's factual allegations are nearly identical to those chronicled in the Dismissal Order. (*See* dkt. no. 66 at 2–3; dkt. no. 67 at 3–6.) As noted there, Defendants Southern Highlands Development Corporation, Olympia Group, L.L.C., and Olympia Land Corporation (collectively, "Borrowers") executed and delivered a promissory note ("Note") with a principal amount of $25,000,000 to Colonial Bank, N.A.,[2] in July 2007. (Dkt. no. 67 ¶¶ 10, 16.) The Note was secured by a Deed of Trust that encumbered real property in Clark County, Nevada ("Property"). (*Id.* ¶ 17.) Defendants Garry Goett and Guy Inzalaco (together, "Guarantors") guaranteed payments under the Note. (*Id.* ¶ 18.) The Note was amended in December 2007, September 2008, and December 2008. (*Id.* ¶¶ 19-22.)

Colonial Bank was closed in August 2009. (*Id.* ¶¶ 23-24.) The Federal Deposit Insurance Corporation ("FDIC") was named receiver to facilitate the liquidation and distribution of Colonial Bank's assets. (*Id.* ¶ 24.) On August 14, 2009, the FDIC assigned all its rights under the Note, Deed of Trust, and related loan documents to Branch Banking and Trust Company ("BB&T"). (*Id.*)

The Borrowers defaulted on the loan in November 2009. (*Id.* ¶ 26.) BB&T issued a written demand for payment on August 11, 2010, but neither the Borrowers nor the Guarantors made the payment. (*Id.* ¶¶ 28–29.) On November 8, 2011, BB&T assigned its rights under the Note, Deed of Trust, and other loan documents to Plaintiff, its wholly owned subsidiary. (*Id.* ¶¶ 30-31.) A week later, on November 15, 2011, the Property was sold for $5,340,001.00. (*Id.* ¶ 32.) The sale did not cover the outstanding amount owed by the Borrowers. (*Id.*) This balance remains unpaid. (*Id.* ¶ 33.)

///
///

---

[2] In December 2007, Colonial Bank, N.A., was converted from a national banking association to a state-chartered bank. (Dkt. no. 67 ¶ 20.) Colonial Bank, an Alabama corporation, became the successor to Colonial Bank, N.A.

### B. Procedural Background

In dismissing the FAC, the Court gave Plaintiff leave to amend to cure the following deficiencies: (1) Plaintiff's failure to allege whether the consideration it paid to obtain the assets at issue exceeded the Property's fair market value or actual sale price; and (2) the absence of any allegation that the Guarantors and the Borrowers unfaithfully performed their duties under a loan agreement. (Dkt. no. 66 at 12-13.)

Defendants filed the Motion on September 5, 2014, approximately two weeks after Plaintiff filed the SAC. (Dkt. no. 70.) They argue that dismissal is proper because the SAC does not cure the FAC's deficiencies, as identified in the Dismissal Order. Defendants further argue that Plaintiff failed to comply with the Dismissal Order because the SAC does not address those deficiencies. Defendants accordingly seek dismissal under Rules 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure. (*Id.* at 2-3.)

On May 12, 2015, after the parties had fully briefed the Motion, Plaintiff filed a Notice of Supplemental Authority directing the Court's attention to *Munoz v. Branch Banking & Trust Co.*, 348 P.3d 689 (Nev. 2015). (Dkt. nos. 88, 89.) In *Munoz*, the Nevada Supreme Court held that federal law preempts a state statute at the center of this case — NRS § 40.459(1)(c). 348 P.3d at 692-93. Defendants requested leave to respond to the supplemental authority, which the Court granted. (Dkt. no. 90, dkt. no. 91.) The Court has considered this supplemental authority and the parties' related arguments in deciding the Motion.

### III. LEGAL STANDARD

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual

allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint fails to "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

**IV.    DISCUSSION**

Plaintiff's SAC mirrors the FAC, with several slight modifications. Notably, the SAC adds a new claim for breach of contract against the Borrowers to the three claims alleged in the FAC: (1) breach of the guarantee, (2) deficiency, and (3) breach of the covenant of good faith and fair dealing. (Dkt. no. 67 at 6-7; *see* dkt. no. 66 at 6 (listing initial claims).) Plaintiff also added an allegation that the deficiency exceeds $75,000. (*See* dkt. no. 67 ¶ 34; dkt. no. 66 at 12 (noting that the FAC did not allege that Plaintiff's

4

consideration for rights to the Property exceeded the Property's sale price or fair market value).) Dismissal is proper, Defendants contend, because these changes do not solve the problems the Court identified in dismissing the FAC. The Court disagrees.

### A.  Deficiency-Related Claims

Section 40.455(1) of the Nevada Revised Statutes allows creditors to obtain deficiency judgments where "there is a deficiency of the proceeds of [a] sale and a balance remaining due to the judgment creditor or the beneficiary of the deed of trust." NRS § 40.455(1), *amended by* 2015 Nev. Stat., Ch. 518, Sec. 8 (Westlaw). As the Court discussed at length in the Dismissal Order, however, Nevada law limits the amount that a creditor can recover on a deficiency judgment to the least of three amounts: (1) the difference between the amount of debt and the fair market value of a property at the time of sale; (2) the difference between the amount of debt and the actual sale price of a property; and (3) an amount that applies specifically to successor creditors, as previously defined by NRS § 40.459(1)(c) ("Subsection (1)(c)").[3] (*See* dkt. no. 66 at 6–7.)

At issue in Defendants' first motion to dismiss was whether Subsection (1)(c) applied to Plaintiff. At the time of the Property's sale in November 2011, Subsection (1)(c) read:

> If the person seeking the judgment acquired the right to obtain the judgment from a person who previously held that right, [a deficiency judgment could be limited to] the amount by which the amount of the consideration paid for that right exceeds the fair market value of the property sold at the time of sale or the amount for which the property was actually sold, whichever is greater.

2011 Nev. Stat. 1743. Defendants argued — and the Court agreed — that the FAC failed to assert a deficiency that complied with Subsection (1)(c). (*See* dkt. no. 66 at 6-7, 12.) Plaintiff raised objections to Subsection (1)(c)'s applicability and constitutionality, which the Court rejected. (*Id.* at 7-12.)

---

[3] Section 40.459 was amended and reorganized in May 2015. *See* 2015 Nev. Stat., Ch. 149, Sec. 1 (Westlaw) (codified as amended at NRS § 40.459). Subsection (1)(c) now appears in NRS § 40.459(3)(c), which limits a successor creditor's recovery after obtaining a deficiency judgment on a "property upon which the debtor, guarantor or surety maintains his or her principal residence." NRS § 40.459(3)(c).

5

Defendants now contend that the SAC remains deficient because Plaintiff has not alleged that the consideration it paid for rights associated with the Property exceeded the Property's fair market value or actual sale price. (Dkt. no. 87 at 5-8.) Plaintiff disagrees, arguing that the SAC adequately states a claim, even assuming that Subsection (1)(c) applies.[4] (Dkt. no. 81 at 11–13.) Indeed, the SAC states: "[a]s set forth in NRS 40.459, there is a deficiency balance remaining due to Plaintiff under the Note that exceeds $75,000.00." (Dkt. no. 67 ¶ 34.) Although Plaintiff fails to identify Subsection (1)(c) specifically, this allegation suggests that the amount of Plaintiff's consideration exceeds the Property's fair market value and its actual sale price. In light of the SAC's other allegations about Plaintiff's acquisition of rights related to the Property, the Court finds that Plaintiff has "state[d] a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court will therefore deny the Motion with regard to Plaintiff's deficiency claim.

**B.    Breach of the Covenant of Good Faith and Fair Dealing Claim**

Defendants further argue that Plaintiff failed to address defects in its claim for breach of the covenant of good faith and fair dealing, which the Court had identified in the Dismissal Order. (Dkt. no. 70 at 14-17.) As noted in the Dismissal Order, the FAC failed to allege that Defendants breached this duty "by performing in a manner unfaithful to the purpose of the contract," one of the essential elements of the claim. (Dkt. no. 66 at 13 (citing *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995)).) Rather, Plaintiff alleged that Defendants failed to perform at all, claiming that "[s]ubsequent to the execution of the Note and the Guarantee, the Borrowers and the Guarantors have acted unfaithfully to the purpose of the Note and the Guarantee by failing to comply with the terms and obligations of the Note and the Guarantee." (Dkt. no. 14 ¶ 48.)

///

---

[4]The Court notes that Plaintiff raised further arguments about the applicability and constitutionality of Subsection (1)(c) in its response brief. (*See* dkt. no. 81 at 13-28.) The Court need not reach these arguments to resolve the Motion because the Court finds that the SAC adequately alleges a deficiency, even assuming that Subsection (1)(c) applies.

Defendants insist that the SAC is infected by the same infirmity. The SAC states: "Defendants breached their duty of performing in a . . . manner unfaithful [sic] to the purpose of the contracts by, among other things, failing to repay money to Plaintiff." (Dkt. no. 67 ¶ 47.) The SAC further asserts that "Plaintiff's justified expectations were denied" because Defendants acted "in a manner unfaithful to the purpose of the contracts." (*Id.* ¶ 48.) Even setting aside the fact that these allegations are conclusory, the SAC asserts — just as the FAC did — that Defendants failed to perform a duty under the contracts, not that they performed their duty in a manner unfaithful to the contracts' purpose. Because Plaintiff failed to cure this deficiency, the Court will dismiss this claim.

### C.     New Breach of Contract Claim

Finally, Defendants urge the Court to dismiss Plaintiff's breach of contract claim against the Borrowers, which Plaintiff asserted for the first time in the SAC. (Dkt. no. 70 at 13-14.) Defendants point out that the Dismissal Order gave Plaintiff leave to amend only specific, identified deficiencies in the FAC. (*Id.* at 13; *see* dkt. no. 66 at 14 (giving Plaintiff leave "to cure the noted deficiencies").) Defendants also emphasize that the deadline for amending pleadings was June 18, 2014. (*See* dkt. no. 71 at 3.)

Courts, however, "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Defendants have not argued that they would be prejudiced by Plaintiff's assertion of a breach of contract claim against the Borrowers. Rather, as Defendants contend, the breach of contract claim mirrors Plaintiff's deficiency claim, such that Plaintiff's delay in asserting the claim does not appear to be prejudicial to Defendants. (*See* dkt. no. 70 at 13–14.) Nor is the Court persuaded by Defendants' argument that the breach of contract claim is duplicative of the deficiency claim. (*See id.*) Defendants have not cited any authority suggesting that Plaintiff should be barred from asserting the breach of contract claim as an alternative theory for recovery. (*See id.*) Accordingly, the Court declines to dismiss the breach of contract claim.

///

///

### D. Leave to Amend

Plaintiff requests additional leave to amend to cure any deficiencies in the SAC. (Dkt. no. 81 at 28.) Although courts "should freely give" leave to amend, Fed. R. Civ. P. 15(a)(2), Plaintiff had ample opportunity to amend its complaint and failed to resolve the deficiency in its claim for breach of the covenant of good faith and fair dealing. (*See* dkt. no. 66 at 12-13 (identifying this deficiency and giving Plaintiff leave to amend).) In light of Plaintiff's failure to correct its claim for breach of the covenant of good faith and fair dealing, it appears to the Court that allowing further amendment of this claim would be futile. The Court therefore dismisses Plaintiff's claim for breach of the covenant of good faith and fair dealing with prejudice.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is ordered that Defendants' Motion to Dismiss Second Amended Complaint (dkt. no. 70) is granted in part and denied in part. Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is dismissed with prejudice. Plaintiff may proceed with its remaining claims.

DATED THIS 24th day of September 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE