1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EAGLE SPE NV 1 INC.,,

                                    Plaintiff,

        v.

SOUTHERN HIGHLANDS
DEVELOPMENT CORP., et al.,

                                    Defendants.

Case No. 2:12-cv-00550-MMD-PAL

ORDER

13    This is a breach of contract/deficiency judgment action. At a status and scheduling

14  hearing held February 18, 2016, the court granted the parties' proposed discovery plan and

15  scheduling order, but indicated that no further extensions would be granted.  Counsel for the

16  parties indicated that they were likely to have discovery disputes that might delay completion of

17  discovery.   The court therefore required the parties to meet and confer concerning any

18  outstanding discovery disputes, and set the matter for a status and dispute resolution conference

19  on March 14, 2016.  The parties' filed a Joint Status Report (Dkt. #103) and Briefs (Dkt. ##104,

20  105) stating their respective positions with respect to the outstanding disputes.  Jeremy Nork and

21  Nicole Lovelock appeared on behalf of the Plaintiff.  J. Randall Jones and Mona Kaveh appeared

22  on behalf of the Defendants.

23    Defendants seek to compel Plaintiff to respond to two categories of written discovery

24  requests.  The first category consists of interrogatories and requests for production of documents

25  related to the amount of "consideration" that Plaintiff paid to Branch Banking and Trust

26  Company to acquire the subject loan.  The requests at issue are Request for Production Nos. 29-

27  31, 44, 52-54, 56-66, 75-78, 81-82, and 84-85, and Interrogatory Nos. 8-10.   The second

28

category of documents involves documents exchanged between Eagle and the Federal Deposit
Insurance Corporation, Request for Production Nos. 13-22 and 80.

Eagle opposes responding to these discovery requests arguing the information sought is
not relevant or discoverable within the meaning of Rule 26(b)(1) because any monies paid
between the FDIC and Branch Banking do not affect the amount of the defendants' guarantees
under the note at issue.  Eagle relies on amendments to the applicable Nevada Revised Statutes,
and state and federal decisions holding that NRS 40.459(1)(c) does not apply to the parties'
dispute, and does not limit the amount of the loan guarantees.  Additionally, Eagle argues it
should not be burdened with producing  every document that was exchanged between the FDIC
and Eagle that refers to the subject loan on the theory the documents might contain something
useful to defendants" defense.  These requests are not proportional to the needs of the case.

Defendants seek an order compelling the Plaintiff to produce these documents based
upon arguments NRS 40.459(1)(c) applies to this deficiency judgment action and limits the
amount of a deficiency judgment that the successor-creditor may be awarded based on the
amount of consideration the successor-creditor paid to acquire the right to the mortgage secured
debt.  Defendants also seek the information about Eagle's communications with the FDIC
because Plaintiff claims that it is a third-party beneficiary of the Purchase Asset Agreement
and/or Loss Share Agreement which resulted in a transfer of the property from the FDIC to
Branch Banking to Eagle.

During oral argument counsel for Eagle argued that the issues regarding the applicability
of NRS 40.459(1)(c) to this deficiency judgment case may be resolved as a matter of law and
that the discovery is neither relevant nor proportional to the burden of producing it.  In 2015, the
Nevada Supreme Court unequivocally held that NRS 40.459(1)(c) is preempted by the Financial
Institution's Reform, Recovery and Enforcement Act of 1989 ("FIRREA   ") "to the extent that
NRS 40.259(1)(c) limits deficiency judgments that may be obtained from loans transferred by
the FDIC."  The district judge assigned to this case has held at least twice that FIRREA preempts
subsection (1)(c).  Additionally, other district judges in this district have held that the Supremacy
Clause of the United States Constitution prevents borrowers and guarantors from claiming that

2

the statute limits the amount an assignee of the FDIC may recover to the amount paid to acquire the interest on the debt.

Plaintiffs also rely on the decision of Judge Ferenbach in *BB&T v. DMSI, LLC, et al.*, 2:11-cv-01778-MMD-VCF, 2013 W.L. 3200087, *8 (June 21, 2013) which denied discovery into payments between the FDIC and BB&T as "futile" for various reasons.

During oral argument, counsel for Plaintiff acknowledged that pursuant to Rule 37(c), the Plaintiff would be precluded from relying upon or using any documents or evidence not disclosed in discovery. Counsel for Plaintiff assured the court that he understood Eagle could not use documents not produced. If the district judge is not persuaded by Eagle's legal arguments, it will lose. He represented Eagle simply does not intend to present any evidence of the consideration paid to obtain the property at issue in this case other than the transfer document already produced which recites consideration of $10.00. Eagle will also not rely upon any of its communications with the FDIC to support its claims. It will rely on documents already produced to show that it is an assignee entitled to recover a deficiency judgment.

Counsel for Defendants indicated that as long as the Plaintiff was precluded from relying on the categories of documents that Defendants seek in discovery, a preclusion order would adequately protect the Defendants' interests.

Having reviewed and considered the matter, and based on the representations of Eagle that it will not rely on or use any documents or witnesses not already disclosed to support its case the court will deny Defendants' request to compel Eagle to produce the documents in dispute. The court agrees that the discovery requests in dispute are very broad, and given the state and federal cases construing the Nevada deficiency judgement statutes, as applied to the FDIC and its assignees, the discovery is not proportional to the needs of the case. All discovery is subject to the limitations of Rule 26(b)(2). However, having successfully resisted discovery, the court will apply Rule 37(c) to preclude the Eagle from using any documents responsive to the discovery disputes at issue for any purpose in this case, including motion practice and trial.

Rule 37 of the Federal Rules of Civil Procedure authorizes a wide range of sanctions for a party's failure to engage in discovery. The court has the authority under Rule 37(b) to impose

litigation-ending sanctions. The Rule authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Rule 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). Rule 37 gives "teeth" to Rule 26's mandatory disclosure requirements by forbidding the use at trial of any information that is not properly disclosed. *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014). Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure. *Goodman v. Staples The Office Superstore*, 644 F.3d 817, 827 (9th Cir. 2011). Rule 37(a)(3) explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond." *Id.* "The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless." *Goodman*, 644 F.3d at 827.

In the Ninth Circuit, district courts are given broad discretion in supervising the pretrial phase of litigation. *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir. 2011); *Cont'l Lab. Products, Inc. v. Medax Int'l, Inc.*, 195 F.R.D. 675, 677 (S.D. Cal. 2000). The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)," which is "a recognized broadening of the sanctioning power." *Ollier*, 768 F.3d at 859 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, "the degree and severity of which are within the discretion of the trial judge." *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998).

Here, counsel for Eagle affirmatively represented to the court and opposing counsel that Eagle would not rely upon the information sought in the discovery in dispute in this order for any purpose in this case, believing the outcome of this deficiency judgment action should be decided as a matter of law with respect to the applicability of NRS 40.459(1)(c). A preclusion order will therefore be imposed.

1

2    **IT IS ORDERED** that:

3    1.  Defendants' request to compel Plaintiff to respond to Request for Production of

4        Documents and Interrogatories is **DENIED**.

5    2.  A preclusion order consistent with the text of this order is imposed precluding Eagle

6        from using any documents, evidence or witness not disclosed for any purpose..

7    DATED this 15th day of March 2016.

8

9                                                    _____

10                                                   PEGGY A. LEEN
                                                     UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28