UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

EAGLE SPE NV 1, INC.,

                 Plaintiff,

    v.

SOUTHERN HIGHLANDS DEVELOPMENT CORP., *et al.*,

                 Defendants.

Case No. 2:12-cv-00550-MMD-PAL

ORDER

## I. SUMMARY

This case involves application of a statutory provision formerly codified at NRS § 40.459(1)(c) ("Subsection (1)(c)"), which placed additional limitations upon the right of a successor-creditor to recover on a deficiency. The Court granted summary judgment in favor of Defendants, finding that: Subsection (1)(c) applies to Eagle's deficiency claim (ECF No. 66); and Eagle failed to offer specific evidence to show that the amount of consideration it paid was more than the sale price of the Property (ECF No. 146).[1] Because the Court found that Eagle was not entitled to a deficiency, the Court denied Eagle's motion for summary judgment on its two remaining claims for breach of the Note and of the Guarantee. Defendants now move for an award of attorney's fees and costs ("Motion"). (ECF No. 149.) Plaintiff opposes (ECF No. 156) and Defendants have replied (ECF No. 159). For the reasons discussed herein, the Motion is denied.

---

[1] The Court's previous Orders set out the relevant background facts. (ECF Nos. 66, 149.) The terms as used herein are the same as the terms used in those Orders.

## II. DISCUSSION

Defendants' Motion relies on the fees provision in the Loan Agreement. (ECF No. 149 at 8-10.) Plaintiff counters that it did not bring any claim under the Loan Agreement and that its claims for breach of contract are based on the repayment provisions of the Note and the Guarantee. (ECF No. 156 at 8-11.) The Court agrees with Plaintiff.

Nevada law permits attorneys' fees to be awarded if authorized by statute, rule or contract. *Frank Settelmeyer & Sons, Inc. v. Smith & Hammer, Ltd.*, 197 P.3d 1051, 1059 (Nev. 2008). In determining whether a contractual provision allows for the recovery of fees, the court should apply the general rules governing contract interpretation. *See Debron v. Bunch,* 215 P.3d 35, 37 (Nev. 2009). The Nevada Supreme Court has offered this caution: "[w]here a contract provision purports to allow attorney's fees in an action arising out of the terms of the instrument, we will not construe the provision to have broader application." *Id.* (quoting *Campbell v. Nocilla,* 692 P.2d 491, 493 (Nev. 1985)).

Defendants argue that the Loan Agreement's fees provision permits the Court to award fees to Defendants as the prevailing parties. (ECF No 149 at 8-10.) However, Plaintiff's two breach of contract claims involved the Note and the Guarantee (ECF No. 67 at 6), not the Loan Agreement. The first claim for relief alleges that "[t]he Borrowers defaulted on its obligations under the Note by failing to pay all amounts due thereunder when it matured on November 12, 2009." (*Id.*) The second claim for relief alleges that the Guarantors have similarly failed to fulfill their obligations under the Guarantee. (*Id.*) As Plaintiff correctly pointed out, the Note and the Guarantee do not contain a fees provision awarding fees to Defendants in the event they prevail.

In their reply, Defendants argue that even if the Court looks beyond the Loan Agreement, Defendants are entitled to fees under the Note, the Deed of Trust and the Guarantee because these agreements' one-sided fees provisions "must be read as reciprocal as a matter of law." (ECF No. 157 at 6.) However, there are two problems with this argument.

///

1 First, Defendants did not seek fees under these agreements in their Motion; rather, Defendants seek fees under the Loan Agreement. Plaintiff responds that the agreements which serve as the basis of its two breach of contract claims—the Note and the Guarantee—do not contain a fees provision enforceable by Defendants, and Defendants do not "claim otherwise" in their Motion. (ECF No. 154 at 9.) Because Defendants did not rely on the fees provisions in the Note and the Guarantee in their initial Motion, they are foreclosed from asserting for the first time in their reply that they are entitled to fees under the Note and the Guarantee. *See Zamani v. Carnes,* 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.")

Second, Defendants rely primarily on *McCrary v. Bianco,* 131 P.3d 573, 577 (Nev. 2006), to argue that the fees provisions in the Note and the Guarantee which provide for fees to the lender are reciprocal as a matter of law. However, this is not the holding in *McCrary.* That case involved attorney's fees in the context of Nev. R. Civ. P. 68 and NRS § 17.115. The plaintiffs in that case had rejected an offer of judgment and prevailed at trial but the judgment obtained was lower than the amount in the offer. The plaintiffs sought recovery of fees under NRS § 18.10(2) and the parties' repair agreement. The district court agreed with the defendant that the plaintiffs were not entitled to fees under Rule 68 and NRS § 17.115 because the offer exceeded the judgment. The Nevada Supreme Court affirmed. In dicta, the court referenced the parties' repair agreement providing for an "award of fees to [the defendant] in the event of a dispute" and went on to observe that "[w]hile this award was clearly reciprocal as a matter of law, the fact of the contract provision does not dictate a different result in terms of whether such fees should be included in the comparison formula." *McCrary,* 131 P.3d at 577. Thus, contrary to Defendants' contention, *McCrary* does not hold that the unilateral fee provision similar to the provisions in the Note and the Guarantee "must be read as reciprocal as a matter of law." (ECF No. 157 at 6.)

///

1    Defendants cite to an unpublished Nevada Supreme Court decision, *Solky v. Smith,* No. 60008, 2013 WL 7155016 (Nev. Oct. 31, 2013), but the court in that case did not address the defendants' argument that one of the agreements at issue "is one-sided and fails for lack of mutuality of the remedy because only [the plaintiffs] could recover attorney fees." *Id.* at *3 n. 3. Instead, the court reasoned that the second agreement "contained the proper mutuality of remedy." *Id.* The court affirmed the district court's decision to award fees to the defendants "because the plain language of both [agreements] provided that [the defendants] were entitled to attorney fees." *Id.* at *3. As support, the court cited to *Rowland v. Lepire,* 662 P.2d 1332, 1337 (Nev. 1983). *Solky,* 2013 WL 7155016 at *3 n. 3. In *Rowland,* the court found that the district court's conclusion that the prevailing parties were entitled to fees under a theory of mutuality of remedy where the governing agreement contained only a one-sided fee provision to lack "legal or factual support." *Rowland,* 662 P.2d at 1337. Thus, *Solky* and in turn *Rowland* do not support Defendants' argument that the fees provisions in the Note and the Guarantee should be construed as reciprocal to entitle Defendants to recover their attorney's fees. Defendants' proposed reading also runs counter to the general rule of contract interpretation—that the court should not construe contractual fees provision "to have broader application." *See Debron,* 215 P.3d at 37.

The fees provisions in the Note and Guarantee do not provide for fees to be awarded to the Borrowers or the Guarantors in the event they prevail in a dispute. Accordingly, Defendants cannot rely on these agreements to support their request for fees.

**III.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Defendant's Motion.

///

4

It is ordered that Defendants' Motion for Attorney's Fees and Costs (ECF No. 149) is denied.

DATED THIS 9th day of March 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE